FILED: NEW YORK COUNTY CLERK 06/28/2012
NYSCEF DOC. NO. 1

INDEX NO. 154086/2012
RECEIVED NYSCEF: 06/28/2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X
:
KATIE LOEB,                                                    :
                                                               :
                    Plaintiff,                                 :    Index No.
                                                               :
                                                               :
     -against-                                                 :    **SUMMONS**
                                                               :
EQUITY CAPITAL PARTNERS, LLC and                               :
JALEEL LEWIS,                                                  :
                                                               :
                                                               :
                    Defendants.                                :
                                                               :
---------------------------------------------------------------X

TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to serve a notice of appearance on the plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York), and in case of your failure to appear, judgment will be taken against you by default for the relief demanded in the notice set forth below.

Plaintiffs designate New York County as the place of trial. The basis of this designation is defendant(s) residence in New York County.

Dated: New York, New York
June 28, 2012

        LAW OFFICE OF
        CHRISTOPHER J. GRAY, P.C.

        By: _____
        Christopher J. Gray (CG 0334)
        460 Park Avenue, 21ST Floor
        New York, New York 10022
        (212) 838-3221
        (212) 937-3139 (fax)
        Chris@investorlawyers.net

        *Counsel for Plaintiff*

TO DEFENDANTS:

Equity Capital Partners, LLC
40 Wall Street, 28th Floor
New York, New York 10005

Jaleel Lewis
Equity Capital Partners, LLC
40 Wall Street, 28th Floor
New York, New York 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X
                                                           :
KATIE LOEB.                                                :
                                                           :
                    Plaintiff,                             :     Index No.
                                                           :
                                                           :
    -against-                                              :     **COMPLAINT**
                                                           :
EQUITY CAPITAL PARTNERS, LLC and                           :
JALEEL LEWIS,                                              :     **JURY TRIAL DEMANDED**
                                                           :
                                                           :
                    Defendants.                            :
                                                           :
-----------------------------------------------------------X

Plaintiff alleges upon personal knowledge as to plaintiff and her own acts, and upon information and belief as to all other matters, as follows:

### THE PARTIES

1. Plaintiff Katie Loeb ("Plaintiff") is a natural person residing at 712 South Second Street, Philadelphia, Pennsylvania.

2. Defendant Equity Capital Partners, LLC ("ECP") is a limited liability corporation organized and existing under the laws of the State of New York and having its principal place of business at 40 Wall Street, New York, New York. ECP purports to be in the business of "development and sale of physical commodities."

3. Defendant Jaleel Lewis ("Lewis"), a natural person residing in McClain, New Jersey, is a Senior Vice President of ECP and induced Plaintiff's investment in ECP as further discussed below. ECP and Lewis are hereinafter sometime jointly referred as "Defendants".

## JURISDICTION AND VENUE

4. Defendant ECP maintains its principal office in New York County. Venue is therefore proper in New York County pursuant to CPLR 503.

5. This Court has jurisdiction over this action pursuant to CPLR 301 and 302. At relevant times Defendants conducted business in, and committed tortious acts in, New York County at ECP's office located at 40 Wall Street, New York, New York.

## DEFENDANTS' UNLAWFUL COURSE OF CONDUCT

6. This is an action for, *inter alia*, breach of contract. Defendants, per Lewis, induced Plaintiff to invest in ECP and enter into a contract with ECP pursuant to such investment. (*See* Exh. 1). ECP promised to return Plaintiff's "principle" [sic] upon request, provided that such request was made 12 months after Plaintiff's initial investment. As Defendants knew, the funds for Plaintiff's investment represented the proceeds of a mortgage on Plaintiff's house.

7. Plaintiff sent ECP payments of $50,000 (*see* Exh. 2) on January 7, 2010 and $49,000 on March 15, 2010. (*See* Exh. 3)

8. Lewis claimed at various times that ECP was investing in or would invest in physical coal and bonds issued in foreign countries. However, the nature of these purported investments has never been confirmed.

9. ECP paid Plaintiff $23,000 in interest. However, ECP has refused to repay Plaintiff's $100,000 principal investment despite Plaintiff's repeated requests.

10. Lewis repeatedly claimed that payment would be forthcoming, before eventually ceasing communications with Plaintiff and failing to return her telephone calls.

11. Plaintiff now brings this action to recover her principal investment, together with consequential damages and any and all other relief that the Court shall deem just and proper.

## FIRST CLAIM FOR RELIEF

### FOR BREACH OF CONTRACT UNDER COMMON LAW

12. Plaintiff repeats and realleges each and every allegation above as though fully set forth herein.

13. Further, Defendant entered into a contractual arrangement with Plaintiff to purportedly "provide services to _Katie Loeb_ (Client)" and "increase the amount of [Plaintiff's] initial investment of $50,000 USD, and a second investment of $50,000 through the establishment of an equity share in a physical commodity... ." (*See* Exh. 1).

14. Under the agreement (Exh. 1) Plaintiff was entitled to return of her principal upon request 12 months after her initial investment.

15. More than 12 months have elapsed since Plaintiff's initial investment.

16. Plaintiff has repeatedly requested the return of her principal. ECP has failed to return Plaintiff's principal.

17. Defendants breached ECP's contract with Plaintiff by virtue of the conduct and omissions alleged herein.

18. Plaintiff was injured by Defendants breach of contract. In addition to the loss of Plaintiff's principal, Plaintiff has been injured in that she has been unable to meet financial obligations (including without limitation mortgage payments) and has suffered injury to her credit rating as a result. Further, Plaintiff faces the possibility of foreclosure on her house.

Therefore, in addition the return of her principal, Plaintiff also seeks an award of consequential damages sufficient to compensate her for the financial injury caused by Defendants.

## SECOND CLAIM FOR RELIEF

### FOR BREACH OF FIDUCIARY DUTY SOUNDING IN FRAUD

19. Plaintiff repeats and realleges each of her previous allegations as though fully set forth herein.

20. Defendants are persons who purportedly engage in the business of advising others as to investments. Defendants effectively controlled the Plaintiff's investments with ECP (if there were any actual investments) in all respects. At relevant times Defendants acted as agents of and fiduciaries to Plaintiff and owed fiduciary duties to Plaintiff, including without limitation duties of care, candor and loyalty of the highest good faith and fair dealing, under the common law.

21. Defendants breached their fiduciary duties, including without limitation their duties of loyalty, care and candor, under the common law, to Plaintiff by virtue of the conduct and omissions alleged herein.

22. As a direct and proximate result of such unlawful conduct, omissions and breach of fiduciary duty, Plaintiff has suffered money damages based on the injury to her property, loss of future income, and other general and specific damages, including consequential damages as set forth in ¶ 18, *supra*.

23. Plaintiffs have incurred actual damages as a result of Defendants' unlawful conduct. In addition, Defendants acted with a culpable state of mind and engaged in a pattern of unlawful conduct wantonly, wilfully, deliberately, intentionally, with an evil state of mind, with

4

indifference to their civil obligations, with circumstances of aggravation and outrage, with wanton dishonesty, with conscious disregard of the rights of others, and in a manner that was morally culpable to an extreme degree. Punitive damages are therefore appropriate.

## JURY DEMAND

24. Plaintiff demands a trial by jury on all claims for relief that are so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. Awarding Plaintiff compensatory damages against Defendants, including consequential damages, in an amount to be determined at trial;

B. Awarding Plaintiff punitive damages against Defendants, in a sum sufficient to punish Defendants for their unlawful conduct and deter future wrongdoing;

C. Awarding Plaintiff a sum equal to her lost profits and income as the result of Defendants' failure to refund Plaintiff's principal;

D. Granting prejudgment interest on any award in favor of Plaintiff;

E. Disgorging from Defendants any and all sums by which they have been unjustly enriched as the result of their unlawful conduct;

F. Awarding Plaintiff her costs and disbursements; and

G. Granting Plaintiff such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
June 28, 2012

LAW OFFICE OF
CHRISTOPHER J. GRAY, P.C.

By: _____
Christopher J. Gray
460 Park Avenue, 21st Floor
New York, New York 10022
(212) 838-3221
(212) 937-3139 (fax)
Chris@investorlawyers.net

*Counsel for Plaintiff*

# EXHIBIT 1

# Equity Capital Partners LLC

40 Wall street
28th floor
New York, New York, 10005
212.400.7155 office
646.512.5653 fax
www.equitycappartners.com

**March 15, 2010**

Katie Loeb

**Engagement Agreement**

This letter describes the terms on which Equity Capital Partners LLC has agreed to provide services to _Katie Loeb_ (Client). This is a written statement of the terms on which the Client has engaged ECP and on which ECP has agreed to provide services to the Client.

<u>Description of Engagement</u>
Initially, ECP has been engaged to increase the amount of the client's initial investment of $50,000 USD, and a second investment of $50,000 through the establishment of an equity share in a physical commodity equal to a total of 20% return per 16 months. ECP will achieve this goal through the development and sale of the physical commodities it has procured. The funds will be derived from the proceeds of the closing of the sale of the commodity assets. The client has the right to request and receive their principle and whatever interest that has been earned after 12 months of receipt of the client's initial investment. The client will be able to receive their first interest payment, on the 10 month from the receipt of their initial investment. If the client chooses the client can keep the investment in for the full 16 month term and receive the total return. The client's principle investment is fully guaranteed by Equity Capital Partners LLC for the duration of the investment.

*Equity Capital Partners LLC*

_____
By: *Jaleel Lewis*
Title: Senior Vice President

# EXHIBIT 2

Date: June 1, 2012   Wells Fargo PhotoCopy Request   Page 1 of 2

Reference: 2000250326255:2000250332255:2000250334255





**R/T Number** 
**Sequence Number**
**Account Number**

**Processing Date** 20100108
**Amount** 50000.00
**Check Number** 

R E D A C T E D

*Reference: 2000250326255:2000250332255:2000250334255*





**R/T Number** 
**Sequence Number**
**Account Number**

**Processing Date** 20100107
**Amount** 50000.00
**Check Number**

REDACTED

# EXHIBIT 3

From: chanpreet.sawhney@wellsfargo.com
To: <KATIELOEB@FAST.NET>
Subject: check written on 3/15/10
Date: Thu, Jun 7, 2012 3:29 pm

1. Ticket number for $49,000 check written against home equity line of credit on March 15th, 2010.

3 to 7 business days

Reference #: 78227906

They are going to mail you an official copy and they are going to email it go me.

*Chanpreet Sawhney*

*Personal Banker*

*Wells Fargo Co.*
*340 S 2nd Street | Philadelphia, PA 19106 | Y1373-010*
*P (215) 786-5346 | F (215) 786-4308*