# Ronald P. Mysliwiec
ATTORNEY AT LAW
530 Third Street
Brooklyn, NY 11215-3003

Direct (718) 768-4581
E-mail rpm@rpmlawny.com

April 7, 2018

Mr. Jaleel Lewis
Mr. Freeman T. Perry
Equity Capital Partners LLC
40 Wall Street, 28th Floor
New York, NY 10005

Re: Ms. Christine Dubov

Gentlemen:

    I represent one of your clients, Ms. Christine Dubov. Ms. Dubov invested $326,561 with you in June and July 2012, almost six years ago. You originally told her that her money – withdrawn from her Fidelity IRA account -- was going to be invested in Brazilian government bonds. You said that you would be responsible for any penalties imposed by the taxing authorities on Ms. Dubov's IRA withdrawal.

    Thereafter, without consulting Ms. Dubov or obtaining her consent, you advised her that you had unilaterally redirected her money into an enterprise called "Medco International". When she repeatedly asked Mr. Lewis to explain what ramifications, if any, this would have on the funds she had entrusted to you – especially if it would impact the rate of interest which had been instrumental in her decision to entrust her money to you – Mr. Lewis became evasive and has failed to answer her inquiries to this very day.

    Ms. Dubov has instructed me to clarify the terms of her relationship with you. Specifically, Ms. Dubov requires the immediate return of her $326,561 investment principal plus reasonable interest, crediting you, of course, with the $183,050 which you have doled out to her, irregularly, and in small amounts over that six-year period only after her repeated, enervating telephone calls and texts to Mr. Lewis.

    If you pay her immediately, I calculate a reasonable rate of simple interest over this five-year-and- nine-month period to be 139 percent. I derive that number from comparing the NASDAQ Composite Index as of Monday, July 12, 2012 (*viz.*, 2951) with that same index as of the end of March 2018 (*viz.*, 7063).

    Thus, even without the IRA withdrawal penalties for which you assumed responsibility, you now owe her the $326,561 of principal, plus $453,920 in interest, less the $183,050 you have doled out to her in partial interest payments over the years. The

arithmetic generates the current, net amount of your debt to her to be $597,430 as of this date. She would like her money immediately. [1]

I have advised Ms. Dubov that the representations you made to induce her to entrust her money to you – representations upon which she relied to her detriment -- including the rate of return you initially promised her on "Brazilian government bonds", purportedly "secured" by an unidentified Brazilian lawyer; your statements about a purported investment in Medco International; and your latest assurances about an "loan" which is always imminent but which you never obtain, may well constitute material misstatements of fact and omissions in connection with the sale of securities to Ms. Dubov. They almost certainly constitute common- law fraud.

Also, while Ms. Dubov, at all times, assumed and took great comfort in the fact that you and your company were legally qualified to conduct your business (*viz.,* that you were registered to sell or trade securities and to act as an Investment Advisor) as required by the applicable federal and New York statutes, I doubt very much whether any of that was true.  It should go without saying that you have put Ms. Dubov under considerable stress for a very long time. You have taken advantage of both of her lack of financial expertise and her gentle, trusting nature for almost six years now. That must stop immediately.

The money that Ms. Dubov invested with you consisted of all the funds she had saved with her late husband. Because, by May 2017, you had not made any interest payments for nine months, Ms. Dubov was evicted from her apartment in New York City. At the time Ms. Dubov was operating a home Pilates studio, providing her a vital income stream. She had been building her business for five years. The loss of her apartment brought with it the demise of her business. Mr. Lewis, at least, was always aware of these details of Ms. Dubov's financial straits.

Despite the exhausting and excruciating efforts she has had to make to receive even small amounts of money from you over the past several years – each such payment constituting an admission as to the nature of your relationship with her – she is prepared to end the relationship and provide you with a general release upon the return of her investment capital plus reasonable interest as calculated above.

---

[1] I note that the amount of interest now demanded is approximately one-third of the 20-percent-per-quarter interest (over 23 quarters) which you promised her in writing in the 2012 contract documents between you and Ms. Dubov.  By my calculation if she applied the promised interest rate – simple interest only with no compounding -- in making this demand, you would owe her 4.6 times her principal ($1,502,180) in gross interest alone, and not merely 1.39 times her principal, the amount herein demanded.

Please reply to this letter within seven days of receipt in order to resolve what has become an untenable business relationship for my client.

Very truly yours,