**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CHRISTINE DUBOV,

      Plaintiff,

      - v -

JALEEL HASAN LEWIS;
FREEMAN YOUNG PERRY;
EMRI CAPITAL LLC;
NEW YORK MED GROUP NYC LLC;
EQUITY CAPITAL PARTNERS LLC;
and EQUITY CAPITAL PARTNERS
    OF NY LLC,

      Defendants.

---

No. 18 CV 3854 (PAE) (GWG)

**FIRST AMENDED**
**ANSWER WITH COUNTERCLAIMS**

     Defendants Jaleel Hasan Lewis; Freeman Young Perry; EMRI Capital LLC; New York Med Group NYC, LLC; Equity Capital Partners L.L.C.; and Equity Capital Partners of NY LLC (together "Defendants") hereby respond to the Amended Complaint filed May 25, 2018 (ECF Doc. No. 16) (the "Complaint") with the following responses and affirmative defenses:

    1.    Defendants deny the allegations in Paragraph 1.

    2.    Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2.

    3.    Defendants admit the allegations in Paragraph 3.

    4.    Defendants admit the allegations in Paragraph 4.

5.    Defendants deny the allegations in Paragraph 5, except to admit that EMRI Capital LLC is a Delaware LLC organized in 2008.

6.    Defendants deny the allegations in Paragraph 6, except to admit that New York Med Group NYC, LLC is a New York LLC organized in 2017.

7.    Defendants deny the allegations in Paragraph 7, except to admit that Equity Capital Partners L.L.C. is a New York LLC organized in 2005.

8.    Defendants deny the allegations in Paragraph 8, except to admit that Equity Capital Partners of NY LLC is a Delaware LLC organized in 2007 and registered with the New York Department of State (Division of Corporations) as a Foreign Limited Liability Company in 2008.

9.    Defendants deny the allegations in Paragraph 9.

### SUBJECT MATTER, JURISDICTION AND VENUE

10.   Defendants deny the allegations in Paragraph 10 of the Complaint, except to state that the statute cited in Paragraph 10 speaks for itself.

11.   Defendants deny the allegations in Paragraph 11 of the Complaint, except to state that the statute cited in Paragraph 10 speaks for itself.

## PERSONAL JURISDICTION

12.   Defendants deny the allegations in Paragraph 12.

13.   Defendants deny the allegations in Paragraph 13.

## FACTUAL ALLEGATIONS

14.   Defendants deny the allegations in Paragraph 14, except to state that the terms of the document incorporated by reference speak for themselves.

15.   Defendants deny the allegations in Paragraph 15.

16.   Defendants deny the allegations in Paragraph 16, except to state that the terms of the document incorporated by reference speak for themselves.

17.   Defendants deny the allegations in Paragraph 17, except to state that the terms of the document incorporated by reference speak for themselves.

18.   Defendants deny the allegations in Paragraph 18.

19.   Defendants deny the allegations in Paragraph 19.

20.   Defendants deny the allegations in Paragraph 20.

21.   Defendants deny the allegations in Paragraph 21, except to state that the terms of the document incorporated by reference speak for themselves.

22.   Defendants deny the allegations in Paragraph 22.

23.   Defendants deny the allegations in Paragraph 23.

24.   Defendants deny the allegations in Paragraph 24.

25.    Defendants deny the allegations in Paragraph 25, except to state that the terms of the document incorporated by reference speak for themselves.

26.    Defendants deny the allegations in Paragraph 28, except to state that Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of allegations concerning Plaintiff's marriage or perplexity.

27.    Defendants deny the allegations in Paragraph 27.

28.    Defendants deny the allegations in Paragraph 28.

29.    Defendants deny the allegations in Paragraph 29.

30.    Defendants deny the allegations in Paragraph 30.

31.    Defendants deny the allegations in Paragraph 31.

32.    Defendants deny the allegations in Paragraph 32.

33.    Defendants deny the allegations in Paragraph 33.

34.    Defendants deny the allegations in Paragraph 34.

35.    Defendants deny the allegations in Paragraph 35, except to state that the terms of the document incorporated by reference speak for themselves.

36.    Defendants deny the allegations in Paragraph 36.

37.    Defendants deny the allegations in Paragraph 37.

38.    Defendants deny the allegations in Paragraph 38.

39.    Defendants deny the allegations in Paragraph 39.

40.    Defendants deny the allegations in Paragraph 40, except to state that Defendants lack knowledge and information

sufficient to form a belief as to the truth or falsity of allegations concerning Plaintiff's mental state.

41.  Defendants deny the allegations in Paragraph 41, except to state that the terms of the document incorporated by reference speak for themselves.

42.  Defendants deny the allegations in Paragraph 42, except to state that the terms of the document incorporated by reference speak for themselves.

43.  Defendants deny the allegations in Paragraph 43.

44.  Defendants deny the allegations in Paragraph 44, except to state that the terms of the document incorporated by reference speak for themselves.

45.  Defendants deny the allegations in Paragraph 45, except to state that the terms of the document incorporated by reference speak for themselves.

46.  Defendants deny the allegations in Paragraph 46, except to state that the terms of the document incorporated by reference speak for themselves.

47.  Defendants deny the allegations in Paragraph 47, except to state that the terms of the document incorporated by reference speak for themselves.

48.  Defendants deny the allegations in Paragraph 48.

49.  Defendants deny the allegations in Paragraph 49.

50.  Defendants deny the allegations in Paragraph 50.

51.   Defendants deny the allegations in Paragraph 51.

52.   Defendants deny the allegations in Paragraph 52, except to state that the terms of the document incorporated by reference speak for themselves.

53.   Defendants deny the allegations in Paragraph 53, except to state that the terms of the document incorporated by reference speak for themselves.

54.   Defendants deny the allegations in Paragraph 54, except to state that the terms of the document incorporated by reference speak for themselves.

55.   Defendants deny the allegations in Paragraph 55.

56.   Defendants deny the allegations in Paragraph 56, except to state that the terms of the document incorporated by reference speak for themselves.

57.   Defendants deny the allegations in Paragraph 57, except to state that Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of allegations concerning Plaintiff's lease and adult children.

58.   Defendants deny the allegations in Paragraph 57, except to state that Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of allegations concerning Plaintiff's credit card bills, dental work, landlord-tenant lawyer, and moving expenses.

59.   Defendants deny the allegations in Paragraph 59.

60.    Defendants deny the allegations in Paragraph 60.

61.    Defendants deny the allegations in Paragraph 61, except to state that the terms of the document incorporated by reference speak for themselves.

62.    Defendants deny the allegations in Paragraph 62, except to state that the terms of the document incorporated by reference speak for themselves.

63.    Defendants deny the allegations in Paragraph 63, except to state that the terms of the document incorporated by reference speak for themselves.

64.    Defendants deny the allegations in Paragraph 64.

65.    Defendants deny the allegations in Paragraph 65, except to admit that Defendant Lewis has paid to Plaintiff not less than $186,500.00 since 2013.

66.    Defendants deny the allegations in Paragraph 66.

67.    Defendants incorporate by reference their responses to all preceding paragraphs.

68.    Defendants deny the allegations in Paragraph 68.

69.    Defendants deny the allegations in Paragraph 69.

70.    Defendants deny the allegations in Paragraph 70.

71.    Defendants deny the allegations in Paragraph 71.

72.    Defendants deny the allegations in Paragraph 72.

73.    Defendants deny the allegations in Paragraph 73.

74.    Defendants deny the allegations in Paragraph 74.

75.   Defendants deny the allegations in Paragraph 75.

76.   Defendants incorporate by reference their responses to all preceding paragraphs.

77.   Defendants deny the allegations in Paragraph 77.

78.   Defendants deny the allegations in Paragraph 78.

79.   Defendants deny the allegations in Paragraph 79.

80.   Defendants deny the allegations in Paragraph 80.

81.   Defendants deny the allegations in Paragraph 81.

82.   Defendants deny the allegations in Paragraph 82.

83.   Defendants deny the allegations in Paragraph 83.

84.   Defendants incorporate by reference their responses to all preceding paragraphs.

85.   Defendants deny the allegations in Paragraph 85.

86.   Defendants deny the allegations in Paragraph 86.

87.   Defendants deny the allegations in Paragraph 87.

88.   Defendants deny the allegations in Paragraph 88.

89.   Defendants deny the allegations in Paragraph 89.

90.   Defendants deny the allegations in Paragraph 90.

91.   Defendants deny the allegations in Paragraph 91.

92.   Defendants deny the allegations in Paragraph 92.

93.   Defendants deny the allegations in Paragraph 93.

94.   Defendants deny the allegations in Paragraph 94.

95.   Defendants incorporate by reference their responses to all preceding paragraphs.

96.  Defendants deny the allegations in Paragraph 96.

97.  Defendants deny the allegations in Paragraph 97.

98.  Defendants deny the allegations in Paragraph 98.

99.  Defendants incorporate by reference their responses to all preceding paragraphs.

100. Defendants deny the allegations in Paragraph 100.

101. Defendants deny the allegations in Paragraph 101.

102. Defendants deny the allegations in Paragraph 102.

103. Defendants incorporate by reference their responses to all preceding paragraphs.

104. Defendants deny the allegations in Paragraph 104.

105. Defendants deny the allegations in Paragraph 105.

106. Defendants deny the allegations in Paragraph 106.

107. Defendants deny the allegations in Paragraph 107.

108. Defendants deny the allegations in Paragraph 108.

109. Defendants deny the allegations in Paragraph 109.

110. Defendants deny the allegations in Paragraph 110.

111. Defendants incorporate by reference their responses to all preceding paragraphs.

112. Defendants deny the allegations in Paragraph 112.

113. Defendants deny the allegations in Paragraph 113.

## ANSWERING PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested in the section entitled "PRAYER FOR RELIEF" at pages 25 through 28 of the Complaint.

## AFFIRMATIVE DEFENSES

By asserting these affirmative and other defenses, Defendant does not assume any burden of production or proof that it does not otherwise have.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any damages claimed by Plaintiff were due to and caused by her own fault, negligence, actions and omissions, which bars or reduces Plaintiff's right of recovery herein.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and demands for damages are barred because the claims or obligations of the Plaintiff and the Defendants are unenforceable by reason of mutual mistake.

### FOURTH AFFIRMATIVE DEFENSE

The contract alleged in the Complaint, if any, has been substantially and/or partially performed, and as such, is subject to divisibility.

FIFTH AFFIRMATIVE DEFENSE

The Plaintiff engaged in conduct that constituted a waiver of her rights under the contract alleged, such that Defendants are excused from further performance of the obligations under the alleged contract.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege purported damages with requisite particularity.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff failed to mitigate her damages.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff ratified Defendants' actions.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff marketed herself as a sophisticated investor.

THIRTEENTH AFFIRMATIVE DEFENSE

Without prejudice to any other defense asserted herein or that may be asserted by Defendants in this action, Defendants at all times acted in good faith and advised the Plaintiff to seek legal advice prior to signing the contract. Accordingly, Plaintiff's claims and/or alleged damages are barred in whole or in part.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part due to lack of fiduciary duty between Plaintiff and all Defendants.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff failed to exercise due diligence.

SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by estoppel/ratification by accepting the benefits of the first investment payment.

SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent Plaintiff lacks standing.

EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are limited by Defendants' innocent intent.

NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because any damages allegedly suffered by Plaintiff were either wholly or in part the legal fault of persons or entities (including Plaintiff) other than Defendants.

TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part through contractual disclaimer of liability.

TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are speculative and uncertain, or both, and therefore non-compensable.

TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendants acted honestly and reasonably in their duties.

TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff ratified the acts complained of.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred through assumption of risk.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred to the extent that Plaintiff or any other individual seeks multiple recovery for the same damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

All or some of the claims and/or alleged damages are barred by the doctrine of laches.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail, in whole or in part, due to Plaintiff's and third-parties' failure to perform under the alleged contracts and with respect to the alleged investments.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, because Defendants did not materially breach any term of any alleged agreement.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the defense of accord and satisfaction.

<u>THIRTY-FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred by the defense of failure of consideration.

<u>THIRTY-SECOND AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred by the defenses of fraud and illegality.

<u>THIRTY-THIRD AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred by the statute of frauds.

<u>THIRTY-FOURTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred by applicable statutes of limitation and/or repose.

<u>THIRTY-FIFTH AFFIRMATIVE DEFENSE</u>

The Court lacks personal jurisdiction over one or more Defendants.

<u>THIRTY-SIXTH AFFIRMATIVE DEFENSE</u>

The Court lacks subject matter jurisdiction for want of complete diversity of parties.

<u>THIRTY-SEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiff failed to join necessary and indispensable parties.

**<u>COUNTERCLAIMS</u>**

1.    On information and belief, Plaintiff is aggrieved in hindsight because of the poor performance of high-risk investments.

2.   At all relevant times, Plaintiff was and is a sophisticated investor.

3.   At all relevant times, Plaintiff represented to Defendants that she was and is a sophisticated investor.

4.   At all relevant times Plaintiff represented to Defendants that she was a wealthy person with investable assets.

5.   Plaintiff alleges that, in June 2012, Plaintiff and Defendants entered into an agreement titled "Financial Commodity Enhancement Agreement."  (ECF Doc No. 16 (Amended Complaint) (cited as "Compl.") at ⁋ 14 & Ex. 1.)

6.   Plaintiff alleges that the June 2012 agreement is a valid and enforceable contract.  (See id.)

7.   Plaintiff alleges that, in July 2012, Plaintiff and Defendants entered into a second agreement titled "Financial Commodity Enhancement Agreement."  (Id. ⁋ 16 & Ex. 2.)

8.   Plaintiff alleges that the July 2012 agreement is a valid and enforceable contract.  (See id.)

9.   Plaintiff alleges that pursuant to her agreements with Defendants, Plaintiff made an investment in "Brazilian Long Term Notes."  (Id. ⁋ 25.)

10.  Plaintiff alleges that pursuant to her agreements with Defendants, Plaintiff made an investment "in an enterprise … vaguely identified only as 'Medco International.'"  (Id. ⁋ 29.)

11.   Plaintiff alleges that Defendants rendered to Plaintiff investment advice and investment services in connection with Plaintiff's investment(s).

12.   Plaintiff's investments were inherently risky.

13.   Plaintiff knew or should have known that her investments were inherently risky.

14.   Plaintiff's investments declined in value.

15.   The decline in value of Plaintiff's investments was due to investment risks known to Plaintiff.

16.   At all relevant times, Defendants acted reasonably and responsibly toward Plaintiff.

17.   At all relevant times, Defendants rendered to Plaintiff prudent advice.

18.   At all relevant times, Defendants rendered to Plaintiff competent services.

19.   Plaintiff alleges that between 2013 and 2018, Plaintiff made to Defendants numerous "entreaties for money," (id. ¶ 60), related to her "enormous stress and physical deterioration," (id. ¶ 59); related to the purported circumstance that Plaintiff's "landlord did not offer her a new lease because of her poor payment record," (id. ¶ 57); related to Plaintiff's claimed "ever-increasing credit card bills and credit card interest payments … " (id. ¶ 58); related to Plaintiff's claimed dental work, (id. at Ex. 6 page 0064); and related to

Plaintiff's deteriorating health, (id. at Ex. 6 pages 0067, 0080 ("my mental and physical health is spiraling down.")).

20.  Defendants were and are not obligated by contract or otherwise to assist Plaintiff with her personal matters.

21.  At all relevant times, Defendants treated with Plaintiff with compassion and patience.

22.  Defendants paid to Plaintiff not less than $186,500.00 between 2013 and 2018.

23.  Defendants paid to Plaintiff not less than $186,500.00 at Plaintiff's request.

24.  Plaintiff contends that "what those payments [of not less than $186,500.00] [from Defendants to Plaintiff] constituted remains a mystery to this day."  (ECF Doc. No. 32 at 6.)

25.  Defendants were and are not obligated by contract or otherwise to make such payments to Plaintiff.

### COUNT I – DECLARATORY JUDGMENT

26.  Defendants repeat and reallege the allegations set forth in the foregoing paragraphs of these Counterclaims.

27.  By reason of the foregoing, a substantial, actual and justiciable controversy exists between Plaintiff and Defendants concerning the validity and enforceability of the agreement(s) alleged by Plaintiff.

28.   Defendants seek a declaratory judgment that they have not breached any alleged agreement.

29.   Defendants seek a declaratory judgment that they are not obligated to make payment to Plaintiff pursuant to any alleged agreement.

30.   Defendants are entitled to the foregoing declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

### COUNT II - QUANTUM MERUIT

31.   Defendants repeat and reallege the allegations set forth in the foregoing paragraphs of these Counterclaims.

32.   Defendants provided to Plaintiff professional services between 2013 and 2018 including the performance of investment services and the rendering of investment advice.

33.   At all relevant times, Defendants performed such services in good faith.

34.   Defendants had an expectation of payment for the professional services they provided to Plaintiff.

35.   Defendants are in the business of, inter alia, providing investment advice and investment services to clients in exchange for compensation.

36.   Plaintiff knew that Defendants are in the business of rendering investment advice and investment services in exchange for compensation because Plaintiff alleges that she contracted

with Defendants to receive such advice and services in exchange
for compensation.

37.   Defendants discussed with Plaintiff the matter of
compensation for Defendants' services orally and in writing.

38.   Plaintiff accepted the services provided by
Defendants.

39.   The reasonable value of the services provided by
Defendants to Plaintiff is an amount exceeding $250,000.00 and
to be determined at trial.

40.   Plaintiff benefitted from the professional services
provided by the Defendants.

41.   But for the professional services provided by
Defendants to Plaintiff, Plaintiff would not have received the
opportunity to make financial investments alleged in Plaintiff's
complaint.

42.   But for the professional services provided by
Defendants to Plaintiff, the financial performance of
Plaintiff's investments would have been worse.

43.   But for the professional services provided by
Defendants to Plaintiff, Plaintiff would not have received the
funds paid to her by Defendants.

44.   Under the circumstances, equity and good conscience
demand that Plaintiff give restitution for her receipt of funds

and other benefits Defendants conferred, in the amount of the funds plus the reasonable value of the services.

45.   Defendants have been damaged by Plaintiff's non-payment.

### COUNT III — UNJUST ENRICHMENT

46.   Defendants repeat and reallege the allegations set forth in the foregoing paragraphs of these Counterclaims.

47.   Defendants and Plaintiff have a business relationship.

48.   Plaintiff was enriched as a result of Defendants' efforts and at Defendants' expense.

49.   Plaintiff was enriched by Defendants' payment to her of not less than $186,500.

50.   Plaintiff was enriched by Defendants' rendering to her of professional services the reasonable value of which exceeds $250,000.

51.   It is against equity and good conscience to permit Plaintiff to retain the full benefit received (and loss avoided) as a result of efforts expended by Defendants for Plaintiff's benefit and on Plaintiff's behalf.

### RELIEF REQUESTED

WHEREFORE, Defendants respectfully request the following relief:

1.   Judgment in favor of Defendants denying Plaintiff all relief requested in its Complaint in this action and dismissing Plaintiff's claims with prejudice;

2.    Declaratory judgment that Defendants have not breached any alleged agreement with Plaintiff;

3.    Declaratory judgment that Defendants are not obligated to make payment to Plaintiff pursuant to any alleged agreement;

4.    Judgment in favor of Defendants on their counterclaim, awarding Defendants not less than $336,500.00, plus pre- and post-judgment interest;

5.    That Defendants be awarded costs of suit, including reasonable attorney's fees; and

6.    That the Court award Defendants such other and further relief as the Court deems just and proper.


Dated: New York, New York
       August 30, 2018

_____
Wesley M. Mullen (WM1212)
MULLEN P.C.
200 Park Avenue, Suite 1700
New York, NY 10166
(646) 632-3718
wmullen@mullenpc.com

*Attorney for Defendants*