**Ronald P. Mysliwiec**
ATTORNEY AT LAW
530 Third Street
Brooklyn, NY 11215-3003

Direct (718) 768-4581
E-mail rpm@rpmlawny.com

September 25, 2018

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007
engelmayernysdchambers@nysd.uscourt.gov

        Re: <u>Dubov v. Lewis, et al.</u>, No. 18 CV 3854 (PAE) (GWG)

Dear Judge Engelmayer:

      I represent plaintiff Christine Dubov herein. I write to oppose defendants' letter motion of today's date, seeking a 14-day continuance (from October 4 to October 18) of defendants' date to oppose plaintiff's Motion to Dismiss defendants "First Amended Answer with Counterclaims". A close reading of defendants' letter motion reveals that it is actually seeking highly irregular relief from this Court.

A. <u>Defendants Have Already Had Two Opportunities To Get Their Counterclaims Right.</u>

      Under ordinary circumstances it is not plaintiff's habit to refuse to extend the normal courtesies to opposing counsel. On June 20, 2018, plaintiff Dubov granted defendants a 40-day extension of time to file their original Answer with Counterclaims. (Dkt. # 29.) (They had only sought a 30-day extension.) Similarly, plaintiff Dubov consented to defendants' request for a one-month continuance of the Initial Pretrial Conference, originally scheduled to be held on September 7, 2018. However, the circumstances now before the Court on this purported application for a continuance are anything but ordinary and require denial of the relief sought.

      Defendants neglect to mention in their letter motion that the parties have already been through part of the motion-to-dismiss process before. On July 30, 2018 defendants filed their original Answer With Counterclaims. (Dkt. # 29.) On August 9, 2018, plaintiff filed her Motion to Dismiss those original counterclaims. (Dkt. ## 31, 32 and 33.)

1

On August 30, 2018, after giving it a full 21 days of consideration, defendants responded by filing their "First Amended Answer With Counterclaims", amending only their counterclaims. (Dkt. # 36.) On September 20, 2018, plaintiff Dubov again brought a motion to dismiss defendants' counterclaims: this time defendants' amended counterclaims. It is that second motion to dismiss that has generated defendants' letter motion to this Court.

### B. The Issue Of Defendants' Admissions.

Among other things, plaintiff Dubov has argued in her most recent Motion to Dismiss defendants' already-amended counterclaims, that defendants have made admissions 17 times when, in response to an allegation made in plaintiff Dubov's Amended Complaint which quoted one of the documents annexed thereto, defendants pleaded:

> "Defendants deny the allegations in Paragraph [ ] **except** to state that the terms of the document incorporated by reference speak for themselves."

(Bold and emphasis supplied.) (Dkt. # 36, ¶¶ 14, 16, 17, 21, 25, 41, 42, 44, 45, 46, 47, 52, 53, 56, 61, 62 and 63.) Each of these paragraph numbers in defendants' First Amended Answer With Counterclaims corresponds to the same paragraph number in plaintiff Dubov's Amended Complaint.

In making this argument plaintiff Dubov relied especially on the authority of Pacific Indemnity Co. v. R.H. Love Galleries, Inc., 2012 U.S. Dist. LEXIS 28119, at *5 (N.D. Ill. 2012); and Divane v. Nextriaone LLC, 2002 U.S. Dist. LEXIS 21010, at *4 (N.D. Ill. 2002). In their letter motion defendants neither refer to those authorities nor cite a single authority to rebut them.

The reasoning of these cases, that an assertion that a "document speaks for itself" does not constitute a denial under Rule 8 of the Federal Rules of Civil Procedure ("FRCP"), but rather may be deemed an admission by the defendants, is especially apposite here, where defendants split into two: (1) their denial of the verbiage of each of these 17 paragraphs in plaintiff Dubov's Amended Complaint; from (2) plaintiff Dubov's reference to the document cited in those paragraphs. They do so by using the word "except": in their purported denial. In doing so they expressly separate their denial of the plaintiff's allegation from the document to which it relates, a thing which they admit "speaks for itself".

Also, in their letter motion defendants overstate the extent to which plaintiff Dubov argues the use that should be made of such admissions. Plaintiff Dubov says that they are admissions of the authenticity and completeness of the documents and admissions as to what plaintiff Dubov and defendant Lewis did and did not text message to each other. Plaintiff Dubov makes no argument that defendants admit the truth of any statement made by Dubov or Lewis, only that the statements were made (or that some statements were not made). (Dkt. # 41 at 7.)

2

C.  <u>Defendants Now Seek To Turn The FRCP, The Local SDNY Rules And This Court's Bench Rules  On Their Heads.</u>

Totally concealed in their letter motion is the fact that defendants are now moving, by letter motion, for two other forms of relief, both of which are unrecognized by all the procedural rules governing this lawsuit.

The first thing that defendants are additionally seeking is the isolated oral argument of <u>one</u> of the arguments made by plaintiff Dubov in her not yet fully briefed Motion to Dismiss defendants' First Amended Answer With Counterclaims.  Pllaintiff is unaware of any provision of FRCP Rule 12, the Local SDNY Rules or the Bench Rules of this Court which permit such a request.

Defendants are additionally seeking, in their letter motion, for leave to file a **Second** Amended Answer With Counterclaims.  They cannot amend a second time without leave of court.  They want to obtain such leave without bringing a proper motion under FRCP Rule 15.  Rather, they ask that this Court to hear argument on such application at the October 10 conference before any briefing of the motion.

To label these requests as "irregular" is to overindulge them.  Defendants now have a simple choice.  If they can defeat plaintiff Dubov's Motion to Dismiss the First Amended Answer With Counterclaims, they should do so in the normal fashion.  If plaintiff Dubov's arguments are as frivolous as defendants now argue, they should be able to rebut them easily in the 14 days allowed by the Local Rules of the Southern District without any continuance.

Defendants' alternative is to concede plaintiff Dubov's motion and later to bring on a proper motion to amend: briefing first; oral argument second (if the Court so desires).  Concession would certainly not take 14 extra days.  The alternative to seek leave to amend  is also open to defendants if plaintiff's Motion to Dismiss is granted.  However, in either of these circumstances plaintiff Dubov will vigorously oppose any motion for leave to amend.  Defendants have had two bites of the apple.  They do not deserve three.

Defendants try to hide their remarkably irregular proposals behind the fig leaf of "judicial economy".  That ploy fails.  It deprives plaintiff to too many of her rights under law.  For all these reasons defendants' letter motion for a 14-day extension of time, and all related relief,  should be denied.

Respectfully yours,

cc: Wesley M. Mullen, Esq. via email

3