Ronald P. Mysliwiec, Esq. (RM 8926)
Law Offices of Ronald P. Mysliwiec
Attorneys for Plaintiff
530 Third Street
Brooklyn, New York 11215
(718) 768-4581
rpm@rpmlawny.com


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTINE DUBOV,

                Plaintiff,

         -against-                                              1:18 CV 03854 (PAE) (GWG)

JALEEL HASAN LEWIS, FREEMAN YOUNG PERRY, EMRI
CAPITAL LLC, NEW YORK MED GROUP NYC LLC, EQUITY
CAPITAL PARTNERS LLC and EQUITY CAPITAL
PARTNERS OF NY LLC,

                Defendants.


## PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS AMENDED COUNTERCLAIMS


Dated: October 10, 2018

LAW OFFICES OF RONALD P. MYSLIWIEC
530 Third Street
Brooklyn, New York 11215
(718) 768-4581
Attorneys for Plaintiff Christine Dubov

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT................................................................................................ 1

DEFENDANTS' ADMISSIONS............................................................................................. 2

ARGUMENT........................................................................................................................... 3

A.    Declaratory Judgment Has Not Been Properly Sought.......................................... 3

B.    Defendants' Continue To Fail In Pleading Their
*Quantum Meruit* Counterclaim.................................................................................. 6

C.    Defendants' Have Failed To Rehabilitate Their
"Unjust Enrichment" Claim........................................................................................ 8

D.    Leave To Replead Should Be Denied On Grounds Of Futility............................... 9

CONCLUSION........................................................................................................................ 10

# TABLE OF AUTHORITIES

**CASES**                 **Page**

2002 Lawrence R. Buchalter Alaska Trust v. Philadelphia Financial
    Life Assurance Co., 96 F. Supp. 3d 182 (S.D.N.Y. 2015).................... 5

Ashcroft v. Iqbal, 556 U.S. 662 (2009)................................................ 6

Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007).......................... 6

Chevron Corporation v. Camacho Naranjo, 667 F.3d 232 (2d Cir. 2012).... 3

DeSILVA v. North Shore-Long Island Jewish Health System, Inc.,
    770 F. Supp. 2d 497 (E.D.N.Y. 2011).............................................. 7, 9

Dodd v. City University of New York, 2018 U.S. Dist.
    LEXIS 153087 (S.D.N.Y. 2018)..................................................... 10

Dow Jones & Co. v. Harrods, Ltd., 237 F. Supp. 2d 394 (S.D.N.Y. 2002)........ 5

Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006)........................................ 4

Garanti Financial Kiralena A.S. v. Aqua Marine & Trading, Inc.,
    697 F.3d 59 (2d Cir. 2012).......................................................... 3, 5

Higgins v. NYP Holdings, Inc., 836 F. Supp.2d 182 (S.D.N.Y. 2011).................. 10

Hindsight Solutions, LLC v. Citigroup Inc.,
    53 F. Supp. 3d 747 (S.D.N.Y. 2014)................................................. 7, 9

I. Mayer Pincus & Associates P.C. v. Oppenheimer & Co.,
    936 F.2d 759 (2d Cir. 1991)......................................................... 4

In re Internet Swaps Antitrust Litigation, 2018 U.S. Dist.
    LEXIS 86732 (S.D.N.Y. 2018)....................................................... 10

Liebowitz v. Cornell University, 584 F.3d 487 (2d Cir. 2009).......................... 7, 9

| CASES | Page |
|---|---|
| Magnifico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) | 2, 4 |
| Nasdaq, Inc. v. Exchange Traded Managers Group, LLC, 2018 U.S. Dist. LEXIS 141805 (S.D.N.Y. 2018) | 8 |
| Nicosia v. Amazon.com, Inc., 834 F.3d 220 (2d Cir. 2016) | 4 |
| Themis Capital, LLC v. Democratic Congo, 2013 U.S. Dist. LEXIS 56645 (S.D.N.Y. 2013) | 10 |

Ronald P. Mysliwiec, Esq. (RM 8926)
Law Offices of Ronald P. Mysliwiec
Attorneys for Plaintiff
530 Third Street
Brooklyn, New York 11215
(718) 768-4581
rpm@rpmlawny.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTINE DUBOV,

                Plaintiff,

      -against-

JALEEL HASAN LEWIS, FREEMAN YOUNG PERRY, EMRI CAPITAL LLC, NEW YORK MED GROUP NYC LLC, EQUITY CAPITAL PARTNERS LLC and EQUITY CAPITAL PARTNERS OF NY LLC,

                Defendants.

1:18 CV 03854 (PAE) (GWG)

## PLAINTIFF'S REPLY MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS AMENDED COUNTERCLAIMS

### PRELIMINARY STATEMENT

Defendants' three amended counterclaims must now be dismissed because, in the end and as a matter of law, defendants have pleaded no satisfactory basis for: (a) the declaratory judgment remedy they inappropriately seek; (b) a refund of the $186,500 they paid out to plaintiff over 6 ¼ years (an approximately 9.1 percent annualized return on her investment); and (c) their claim to $250,000 in compensation for their purported advice and services.

1

## DEFENDANTS' ADMISSIONS

Defendants argue with much vigor that their use of the phrase, "except to state that the terms of the document incorporated by reference speak for themselves (which they use 21 times in their First Amended Answer and Counterclaims), constitutes no admission of anything on their part. They are particularly adamant about the contents of the 90-page verbatim test-message transcript which permits the Court to see through all their defenses at this early stage in the lawsuit.

For purposes of this motion, plaintiff will refer to the 90-page text-message transcript only for the background it provides. Magnifico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (permissible for District Court to refer to letter not referred to in pleading for background in motion to dismiss). There can be no question, however, that plaintiff's written, July 10, 2012 contract ("FCEA") with defendants (RPM Decl. Exh. C(2)) may now be used against defendants in this motion to dismiss because they refer to it and rely heavily upon it in their declaratory judgment counterclaim, all as argued further below.

Thus, defendants have admitted for purposes of this motion, the following.

(1) On or about July 10, 2012, plaintiff entered into an amended "Financial Commodity Enhancement Agreement" with one or more of the defendants to purchase approximately $325,769.38 worth of Brazilian government bonds, such investment to be guaranteed by defendant Equity Capital Partners LLC. ( RPM Decl. Exh. C( 2).)

(2) That amended FCEA: (a) obligated defendant Equity Capital Partners LLC to pay plaintiff 20 percent interest every 90 days on her $325,769,38 capital investment; (b) Equity Capital Partners LLC guaranteed plaintiff's investment; (c) there was no provision in the FCEA requiring plaintiff to pay any compensation to any defendant; and (d) the FCEA could only be amended in writing. (Id.)

## ARGUMENT

A. <u>Declaratory Judgment Has Not Been Properly Sought</u>.

Defendants fail to understand the nature of a declaratory judgment: it is a form of relief and *not* a right. It cannot create legal rights that do not otherwise exist.

> "[T]he DJA [Declaratory Judgment Act] cannot create rights that do not otherwise exist, no balancing test, no matter how its many factors are weighed, can lead us to establish such a right."

<u>Chevron Corporation v. Camacho Naranjo</u>, 667 F.3d 232, 245 (2d Cir. 2012). (Lynch, J.) (Brackets supplied.) A counterclaim seeking a declaratory judgment is not excused from the "incidents of pleading" or "the well pleaded complaint rule" demanded of counterclaims seeking other forms of relief. <u>Garanti Financial Kiralena A.S. v. Aqua Marine & Trading, Inc.</u>, 697 F.3d 59, at 66, 68 (2d Cir. 2012).

In their declaratory judgment counterclaim defendants plead no grounds for the relief they seek. They say that they are seeking a declaration that they have not breached any agreement between the parties. The only agreements that they reference in their Amended Counterclaims are the original, June 2012 FCEA (RPM Decl. Exh. E, at 16 ¶¶ 6 and 7) and the July 10, 2012 amendment of the FCEA (<u>Id</u>. at 16 ¶¶ 7 and 8, and 18-19 ¶¶ 27, 28 and 29).

While defendants nowhere attach either the original or the amended FCEA to their Amended Counterclaims, they are incorporating them by reference and heavily relying upon them in their counterclaims and those documents may be properly considered on a Rule 12(b)(6) motion, like this one.

> "[T]he complaint to deemed to include any written instrument attached to it as an exhibit *or documents incorporated in it by reference*."

3

Magnifico v. Blumenthal, supra, at 398 (2d Cir. 2006) (Quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002). (Brackets in original; italics suppled.)

The reason defendants fail to attach these documents to their counterclaims is obvious.

> "Failure to attach a document to a pleading' generally occurs when the material considered is a 'contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason – usually because the document, read in its entirety, would undermine the legitimacy of plaintiff's claim – was not attached to the complaint.'"

Nicosia v. Amazon.com, Inc., 834 F.3d 220, 231 (2d Cir. 2016).

Plaintiff Dubov notes that this Circuit has long specifically recognized that contracts between the parties may be considered in Rule 12(b)(6) motions like this one. Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006). If the claimant is too timid to introduce such a pertinent document as part of his pleading, the moving party may do so in attacking that pleading. I. Mayer Pincus & Associates P.C. v. Oppenheimer & Co., 936 F.2d 759, 762 (2d Cir. 1991).

Thus, this Court is entitled to consider the June 2012 version of the FCEA (RPM Decl., Exh. C (1)) and, more importantly, the controlling July 10, 2012 amended version of that same document (RPM Decl. Exh. C (2)) in deciding this motion. Of those two written contracts, it is the amended version that controls the rights and obligations of the parties. It entirely contradicts the premise of defendants' declaratory judgment counterclaim.

> "Finally, where 'a plaintiff alleges a claim based on a written instrument,' if the documents contradict the allegations of a plaintiff's complaint, the

4

>documents control and the [c]ourt need not accept as true the allegations in the complaint.' [Citations omitted.]"

<u>2002 Lawrence R. Buchalter Alaska Trust v. Philadelphia Financial Life Assurance Co.</u>, 96 F. Supp. 3d 182, 199 (S.D.N.Y. 2015) (Karas, J.)

Additionally, defendants' application for declaratory relief is entirely inappropriate in this case, where a breach of contract claim has already been brought by plaintiff. According to the very authorities upon which defendants strongly rely, the purpose of declaratory relief is to:

>"[S]ettle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships."

<u>Garanti</u>, <u>supra</u>, 697 F.3d 59 at 66. <u>Accord</u>, <u>Dow Jones & Co. v. Harrods, Ltd.</u>, 237 F. Supp. 2d 394, at 405 (S.D.N.Y. 2002) ("The DJA remedy was designed as a means to facilitate early and effective adjudication ...a controversy before it expands into larger conflict.") Here a breach of contract claim has already been brought. In this case, defendants' counterclaim for a declaratory judgment amounts to nothing more than "procedural fencing". <u>Dow Jones & Co.</u>, <u>supra</u>, at 432. It serves no useful purpose.

Because defendants' declaratory judgment counterclaim serves no "useful purpose" in this case, it should be dismissed under this Court's broad authority over such claims. The Declaratory Judgment Act "explicitly confers discretion upon the court to grant or deny declaratory relief 'rather than an absolute right upon the litigant.'" <u>Dow Jones & Co.</u>, <u>supra</u>, at 431.

B.  <u>Defendants Continue To Fail In Pleading Their *Quantum Meruit* Counterclaim.</u>

In response to plaintiff's arguments that they have failed sufficiently to plead that they performed compensable services for plaintiff under <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544 (2007); and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), defendants first repeat the same tired, insufficient, conclusory allegations that they provided unspecified advice and services to plaintiff contained in their amended Counterclaims.

Realizing that such conclusory allegations fall short under <u>Twombly</u> and <u>Iqbal</u>, defendants struggle mightily to specify the advice and services in their opposing memorandum. As plaintiff reads those purported specifics, they include:

(1) Defendants' disastrous investment of plaintiff's funds in Medco International;

(2) Defendant Lewis's advice to plaintiff that she was at risk of being accessed a tax penalty (years after he took her money and triggered the potential penalty); and

(3) Certain defendants agreed to provide Financial Commodity Enhancement services to plaintiff (with no provision for compensation).

That's it.  Defendants purportedly put plaintiff's funds into a venture that lost her investment capital; they gave her a single piece of too-little-too-late tax advice (advice any "sophisticated" investor would not need); and they entered into an agreement with her which by its express terms provided them no compensation (and which agreement was never performed by defendants).  For that defendants claim that they are entitled to $250,000 in their *quantum meruit* counterclaim.

To call these arguments frivolous is to elevate them well above their station.  However, the dagger that pierces the heart of defendants' *quantum meruit* (and unjust enrichment)

6

counterclaims is the requirement in this Circuit that in pleading either quasi-contract counterclaim defendants must establish "the reasonable value of the services". Leibowitz v. Cornell University, 584 F.3d 487, 509 (2d Cir. 2009)

> "[B]ecause plaintiffs have set forth no more than vague and conclusory allegations regarding what services they provided to defendants <u>or what the reasonable value for those services was, they have failed to state a claim for *quantum meruit*</u>. [Citation omitted.]

(Emphasis supplied.) DeSILVA v. North Shore-Long Island Jewish Health System, Inc., 770 F. Supp. 3d 497, 535 (E.D.N.Y. 2011). Accord, Hindsight Solutions LLC v. Citigroup, 53 F. Supp. 3d 747, 776-77 ¶¶ 31-33 (S.D.N.Y. 2004) (Koeltl, J.).

With respect to the reasonable value of their alleged services, defendants have been entirely stumped. They have nothing to add to the conclusory allegations, pulled out of thin air, that their alleged advice and services were worth $250,000. They don't say whether that amount was established using an hourly rate (they allege neither a number of hours nor a rate), a percentage of assets under management (amounting to a whopping 76.7 percent fee if so based), a commission on profit earned (mathematically, an infinite commission here), or a percentage of the $186,500 plaintiff received (a 134 percent commission).

Defendants have now been afforded three opportunities (including their opposition memorandum here) to add some meat to their conclusory allegations regarding the value of their services. They cannot do it because it cannot be done in any rational universe. They are left with their own conclusory, unsupported *opinion* as to the purported value of their alleged advice and services.

> "'Threadbare recitals of the elements of a cause of action, <u>supported by mere conclusory statements</u>, does not suffice.'"

7

Nasdaq, Inc. v. Exchange Traded Managers Group, LLC, 2018 U.S. Dist. LEXIS 141805, *12

(S.D.N.Y. 2018) (Engelmayer, J.) (quoting Ashcroft v. Iqbal, supra, at 678). (Emphasis supplied.)

C. Defendants Have Failed To Rehabilitate Their Unjust Enrichment Claim.

In their Memorandum in Opposition defendants now make their argument that they are entitled to a refund of the $186,500, only in connection with their unjust enrichment counterclaim. That refund claim has, understandably, bounced around between their *quantum meruit* and unjust enrichment counterclaims. That's because it isn't really comfortable under either heading. It still isn't.

Even now defendants never say why they're entitled to a refund of those monies, (an approximately 9.1 percent annualized return on plaintiff's $325,769.38 as of this writing). They have only argued that they were under no contractual obligation to pay the money to her. However, even if the money was an outright gift to plaintiff Dubov, made out of the kindness of defendants' Lewis' and Perry's hearts, that would provide no basis for its refund.

Defendants simply resort, once again, to taking out-of-context sound bites from a paragraph in plaintiff's August 9, 2018 Memorandum of Law seeking to demonstrate that plaintiff didn't understand why she was receiving the $186,500. The implication being that if plaintiff (a "sophisticated investor" according to defendants) were confused about the nature of the payments, that would somehow provide defendants grounds for a refund. The unexpurgated language from plaintiff's prior Memorandum of Law, quoted in full, rebuts that false inference.

> "What those payments constituted, e.g., interest or a return on capital investment remains a mystery to this day. As alleged in plaintiff's

8

> Amended Complaint, defendants have consistently refused to characterize the nature of these payments or to provide any documentation to plaintiff which would allow her to characterize them – to the taxing authorities among others -- in spite of her scores of written requests that they do so."

(RPM Decl. Exh. F, at 6.) Plaintiff never questioned in her August 9, 2018 Memorandum of Law or otherwise, her entitlement to the $186,500, only how it related to her investment principal in order that she could properly report the money to the taxing authorities.

Further, as already argued in Section B above, in order to succeed in bringing an unjust enrichment counterclaim, defendants must plead some real basis for the amount of compensation they seek, i.e., something more than their own conclusory opinion. <u>Liebowitz</u>, <u>supra</u>, at 509; DeSILVA, supra, at 535; and <u>Hindsight Solutions LLC</u>, <u>supra</u>, at 776. Their failure to do so is fatal to their unjust enrichment counterclaim.

### D. <u>Leave To Replead Should Be Denied On Grounds Of Futility</u>.

At the end of their opposition memorandum, defendants wisely cast about for a parachute. They ask that, if the Court finds their arguments on this motion to dismiss to be unavailing that they be granted leave to amend their counterclaims a second time.

This Court's published opinions on the issue of futility, as it relates to applications for leave to amend pleadings, show that it is more than fully aware of the applicable law on this point.

> "[A] proposed amendment is futile if the amended pleading fails to state a claim (or defense) upon which relief could be granted, and would thus not survive a motion to dismiss."

9

Themis Capital, LLC v. Democratic Congo, 2013 U.S. Dist. LEXIS 56645, *15-16 (S.D.N.Y. 2013) (Engelmayer, J.) Accord, Higgins v. NYP Holdings, Inc., 836 F. Supp.2d 182, 186 (S.D.N.Y. 2011) (Engelmayer, J.).

Defendants have now had three opportunities to get their counterclaims rights, or at least to show they have the evidence to justify a second opportunity to amend their already-amended counterclaims. They have not been able to make the required showing. Additional opportunities to amend will only give them opportunities for the "gamesmanship" justifiably criticized by this Court in In re Internet Swaps Antitrust Litigation, 2018 U.S. Dist. LEXIS 86732, at *68 (S.D.N.Y. 2018). Just as in Dodd v. City University of New York, 2018 U.S. Dist. LEXIS 153087, at *24-25 (S.D.N.Y. 2018) (Engelmayer, J.) (court denies plaintiff leave to file a second amended complaint to add new information to existing claims because she had full and fair opportunity when filing her first amended complaint and had not shown good cause to amend further along same lines), no leave further to amend counterclaims should be granted here.

## CONCLUSION

For the reasons stated above, plaintiff Christine Dubov respectfully requests that this Court dismiss defendants' three amended counterclaims with prejudice.

Dated: Brooklyn, New York
October 10, 2018

LAW OFFICES OF RONALD P. MYSLIWIEC

Ronald P. Mysliwiec
530 Third Street
Brooklyn, New York 11215
(718) 768-4581
Attorneys for Plaintiff